**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACK ARONS ) | |
| ) | Case Number |
|     **Plaintiff** ) | |
| ) | |
|     vs. ) | **CIVIL COMPLAINT** |
| ) | |
| FIRST NATIONAL ) | |
| COLLECTIONS BUREAU, INC. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
|     **Defendant** ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Jack Arons, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Jack Arons, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.  Venue in this District is proper in that the Defendant transacts business in this District and Plaintiff resides in this District.

## III.  PARTIES

4.  Plaintiff, Jack Arons, is an adult natural person residing at 10088 Blue Waters Road, Tallahassee, Florida 32305.

5.  Defendant, First National Collections Bureau, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt with a registered office at 830 Bear Tavern Road, Trenton, New Jersey and its principal place of business located at 610 Waltham Way, Sparks, NV 89434.

6.  Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7.  At or around February 27, 2009, Plaintiff began receiving letters and telephone calls from Defendant's agents in regards to a consumer debt said to be owed to Orchard Bank.

8. Plaintiff informed Defendant's in writing that although he had defaulted on said account in 2004, he obtained a 1099-C from HCSB, the original creditor. Per the IRS instructions Plaintiff then claimed the 1099-C on his income tax, as cancellation of a debt must be claimed as income. See letter and 1099-C attached hereto as Exhibit "A".

9. Plaintiff continued to be harassed by Defendant's agents even after submitting a letter asking for Verification of Debt. See letter attached hereto as Exhibit "B".

10. Defendant also continued to contact Plaintiff by phone even after Plaintiff has instructed them not to call. See pictures attached hereto as Exhibit "C".

11. Defendant and their agents have threatened to sue Plaintiff if they do not receive payment in full.

12. On July 14, 2009, an agent of the Defendant called Mr. Arons demanding payment and calling him a "no-good human being" and that he "needed to pay his bills". Plaintiff hung-up and ended the call, as the agent continued to belittle him.

13. The Defendant acted in a false, deceptive, misleading and unfair manner by insinuating and therefore intimidating Plaintiff into believing her property could be at risk.

14. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

15. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

16.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17.     At all times pertinent hereto, the conduct of Defendant was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

19.     The above paragraphs are hereby incorporated herein by reference.

20.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692d, e, e(2), e(4), e(5), e(10) and f.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, First National Collections Bureau, Inc., for the following:

a.  Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b.  Actual damages;

c.  Statutory damages pursuant to 15 U.S.C. § 1692k;

d.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: July 14, 2009**          **BY:**          _/s/ Brent F. Vullings_
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff